UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTIN STONER,

                            Plaintiff,

                                                       **OPINION AND ORDER**
            - v-                                                  10 CV 8025 (RPP)

YOUNG CONCERT ARTISTS, INC,

                            Defendant,
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.,**

**I. Introduction**

       On November 12, 2010, Defendant, Young Concert Artists ("YCA"), moved to dismiss this action for failure to state a claim pursuant to the Federal Rules of Civil Procedure 12 (b)(6). FED. R. OF CIV. P. 12(b)(6).  For the following reason, YCA's motion to dismiss is granted.

       Plaintiff, Martin Stoner, filed a complaint on October 21, 2010 alleging that YCA discriminated against him on the basis of his age, 60.  See (Compl. at 1.)  Specifically, the complaint states that YCA maintains a policy prohibiting individuals over the age of 26 from participating in the YCA International Auditions.  Plaintiff asserts that this qualifies as discrimination under the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101-6107 ("ADA"), the Civil Rights Act of 2004, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 *et seq.* ("NYCHRL").

**II. Background**[1]

---

[1] In accordance with the standard for a motion to dismiss the facts are stated in the light most favorable to the plaintiff.

The YCA is a nonprofit organization, headquartered in New York City, which receives federal funds to promote the careers of classically trained musicians. YCA maintains a policy that limits participation in the YCA International Auditions to individuals under the age of 26. See (Def. Aff. Ex. A.) The YCA International Auditions is an annual event where young musicians audition to become members of the YCA roster. See Id. Mr. Stoner sought to audition, and on May 5, 2010 wrote to the YCA requesting that they change their age requirements so he could participate. See (Compl. ¶ 8); see also (Compl. Ex. A.) Mr. Stoner contends that he received no response from YCA. See (Compl. ¶ 10.) On or about May 20, 2010, Mr. Stoner wrote another letter to YCA asserting that, pursuant to the ADA, it is illegal for organizations receiving federal funding to engage in age discrimination, and requesting that YCA dispense with their age requirement. See (Compl. Ex. B.) He further contended that if YCA failed to respond by June 1, 2010, he would file a complaint with the Civil Rights Office ("CRO") at the National Endowment of the Arts ("NEA"). After receiving no response to this second letter, Mr. Stoner filed a complaint with the NEA on June 1, 2010. See (Compl. Ex. C.) Mr. Stoner asserts that Denise Pearson, the Equal Employment Opportunity Specialist of the CRO, "told [him]that her office is 'understaffed' and unable to process [his] complaint in a timely manner." (Compl. ¶ 5.) In August 2010, YCA contacted Mr. Stoner and informed him that he would be permitted to audition in spite of the age policy.

Mr. Stoner auditioned as a violinist on September 29, 2010 in the preliminary round of the 2010 YCA International Auditions. On October 5, 2010, Mr. Stoner received a letter from Susan Wadsworth, the Founder and Director of YCA, informing him that he failed to advance to the semi-final round of the auditions. See (Compl. ¶ 13.) On or about October 6, 2010, Plaintiff sent an email to Ms. Wadsworth, requesting that YCA reconsider its decision. (Compl. ¶ 14.)

On October 18, 2010, Ms. Wadsworth responded, stating that YCA had made a final decision and that Mr. Stoner would not advance the semi-final round.  (Compl. ¶ 15.)

On October 21, 2010, Mr. Stoner filed the instant action in this District.  Plaintiff alleges that based on his failure to advance, and failure to win first prize in the International Auditions, he has suffered "irreparable injury, monetary damage, and loss of equal opportunity as a result of defendant's discriminatory practices."  (Compl. ¶ 17.)  Audition winners were provided with "management services . . . publicity, promotional materials and career guidance for three years at no cost to the artists," in addition to the opportunity to perform in YCA concerts in New York, Washington DC, and Boston.  (Pl. Aff. Ex. 12.)  Mr. Stoner asserts that these have a value of approximately $75,000.  See (Pl. Mot. Recons. 4.)

On October 28, 2010, Mr. Stoner moved this Court for a preliminary injunction, requesting that this Court prohibit YCA from holding the final round of the International Auditions, to be held on November 6, 2010, until the conclusion of all legal proceedings associated with this case.  See (Pl. Mot. Prelim. Inj. 1.)  This Court denied Mr. Stoner's motion on the ground that the balance of hardships favored the defendant and the contestants.  On November 12, YCA filed a motion to dismiss pursuant to the FED. R. CIV. P. 12(b)(6) asserting: (1) Plaintiff failed to exhaust his administrative remedies; (2) that Plaintiff failed to give requisite notice to the Attorney General ("A.G."), the Secretary of the Department of Health and Human Services ("DHHS")  and YCA pursuant to 42 U.S.C. § 6140(e)(1); (3) that Plaintiff failed to state a claim under the NYSHRL; and (4) that age is not a protected class under the NYCHRL.  After receiving YCA's memorandum in support of their motion to dismiss, Mr. Stoner sent a letter dated December 16, 2010, by certified mail, to Kathleen Sebelius, Secretary of the DHHS,

3

Eric Holder, A.G., and Susan Wadsworth, Director of YCA, informing them of his intent to enjoin YCA's allegedly discriminatory practices and collect damages in federal court.

### III. Legal Standard

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the non-moving party. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir.1993).  Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Claims that fail to meet this standard will be dismissed.

### IV. Discussion

#### A. The ADA

##### 1. Exhaustion of Administrative Remedies

Pursuant to the ADA, a plaintiff must exhaust all administrative remedies prior to bringing an action in federal court.  See Age Discrimination Act in Federally Assisted Programs, 42 U.S.C. § 6104(f) (1979); see also 45 C.F.R. § 90.50 (2011).  The exhaustion requirement states that a Plaintiff may bring an action in court only after a period of "180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first." 42 U.S.C. § 6104(f).  It is undisputed that the 180 day period did not lapse before Mr. Stoner filed the instant action and that the NEA did not render a finding in favor of YCA.

Mr. Stoner argues that exhaustion can and should be waived despite the fact that the plain reading of 42 U.S.C. § 6104(f) does not permit waiver of exhaustion of administrative remedies.

Instead he argues that cases interpreting other statutes' waiver of exhaustion of remedies apply to his case.

### i. Exhaustion of Waiver in non-ADA Cases Does Not Justify Waiver in this Instance

Mr. Stoner argues that since there is no relevant ADA caselaw that the Court should look to courts interpreting other administrative agency statutes for guidance. He points out that the Second Circuit and the Supreme Court have allowed for waiver of exhaustion of administrative remedies under statutes other than the ADA and that those precedents should be extended to this instance, citing Murphy v. Arlington Central School District Board of Education, 297 F. 3d 195, 199 (2d Cir. 2002) (the Individuals with Disabilities in Education Act (IDEA)); Bowen v. City of New York, 476 U.S. 467, 483 (1986) (the Social Security Act (SSA)); Pavano v. Shalala, 95 F. 3d 147, 150 (2d Cir. 1996) (Medicare).

Each of these cases involved plaintiffs who were actual or intended recipients of financial benefits that were being withheld from them by the actions of the administrative agencies. In this action Mr. Stoner is requesting damages for allegedly discriminatory conduct by a not for profit corporation which is federally funded and was seeking action by the federal administrative agency to prevent such conduct. Mr. Stoner is not being deprived of actual or intended financial benefits as a result of the NEA's failure to act. Accordingly, the cases he cites are not relevant and his claim for waiver of exhaustion of administrative remedies fails.

### ii. Mr. Stoner's Status as a Pro Se Litigant Does Not Entitle Him to Waiver of Exhaustion

Mr. Stoner additionally argues that based on his status as a pro se litigant, this Court must waive exhaustion, despite any reasoning to the contrary. While the courts have a heightened obligation to draw all inferences in the plaintiff's favor when faced with a pro se litigant, that

5

heightened obligation does not apply to the exhaustion of administrative remedies . See McInerney v. Rensselaer Polytechnic Inst., 505 F.3d 135 (2d Cir 2007).

Based on the aforementioned reasons, this Court will not waive the exhaustion requirement.

### 2. Failure to Give Required Notice

The ADA has a second procedural requirement, which a plaintiff must meet at the outset of litigation. Specifically, the statute requires that

> [w]hen any interested person brings an action in any United States district court . . . to enjoin a violation of this Act by any program or activity receiving Federal financial assistance, such interested person shall give notice by registered mail not less than 30 days prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed.

42 U.S.C. § 6104(e)(1). It is undisputed that Mr. Stoner did not meet this requirement before filing the instant action, which does request injunctive relief. See (Def.'s Mem. in Supp. Mot. Dismiss 6.) See also (Pl.'s Mem. in Opp'n Mot. Dismiss.) While Mr. Stoner sent a letter by certified mail to the Secretary of HHS, the A.G. and YCA, dated December 16, 2010, it was not sent thirty days before the commencement of the action, October 21, 2010. Consequently, Mr. Stoner has not satisfied the notice requirement of the statute.

### B. The Civil Rights Act of 2004

Mr. Stoner also bases his claim on the Civil Rights Act of 2004. See (Compl. ¶ 1.) YCA correctly asserts that the Civil Rights Act of 2004 was introduced to the 108th Congress but was never signed into law. See S 2088, 108th Cong., (2004) available at http://thomas.loc.gov/cgi-bin/bdquery/z?d108:S.2088:; H.R. 3809, 108th Cong., (2004) available at

http://thomas.loc.gov/cgi-bin/bdquery/z?d108:HR03809:. Thus, Mr. Stoner has no cognizable claim under the Civil Rights Act of 2004.

### C. New York State and City Claims

Because Mr. Stoner fails to state a claim under federal law, this Court lacks supplemental subject matter jurisdiction over Mr. Stoner's state and city law claims.

### V. Conclusion

Based on Mr. Stoner's failure to meet the exhaustion and notice requirements of his claim under federal law, this Court lacks subject matter jurisdiction over the instant action. Thus, YCA's motion to dismiss is granted, without prejudice. Strujan v. Teachers College Columbia University, No. 08 Civ. 9589, 2010 WL 3466251 (S.D.N.Y 2010); Harris v. New York State Education Department, 419 F.Supp.2d 530 (S.D.N.Y. 2006).

SO ORDERED.

Dated: New York, New York
March 7, 2011

_____
Robert P. Patterson, Jr.
U.S.D.J.

7

Copies of this Order sent to:

<u>Plaintiff</u>

**Martin Stoner**
900 West End Avenue
Apartment #7F
New York, NY 10025

<u>Counsel for Defendant</u>

**James Richard Hays**
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.(NYC)
Chrysler Center
666 Third Avenue
New York, NY 10017
(212) 692-6276
Fax: (212)-983-3115