UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTIN STONER,
                        Plaintiff,

                                                                                              **OPINION AND ORDER**
              - v-                                                                                     10 CV 8025 (RPP)

YOUNG CONCERT ARTISTS, INC,
                        Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.,**

**I.    Introduction**

On April 6, 2011, Plaintiff, Mr. Martin Stoner ("Mr. Stoner" or "Plaintiff") submitted a motion to reconsider the Court's March 7, 2011 Order (the "Order") granting Defendant Young Concert Artists' ("YCA") motion to dismiss. On April 25, 2011, YCA submitted a memorandum opposing this motion to reconsider, and on April 29, 2011 Mr. Stoner submitted a reply memorandum in further support of his motion.

On October 21, 2010, Mr. Stoner commenced this action by filing a Complaint alleging that YCA discriminated against him on the basis of his age. (See Compl. ¶ 2.) YCA moved to dismiss the Complaint, and the Court granted the motion to dismiss, finding that Mr. Stoner (1) failed to exhaust his administrative remedies and (2) failed to provide proper notice to the Attorney General ("A.G."), the Secretary of the Department of Health and Human Services ("DHHS") and YCA, pursuant to 42 U.S.C. § 6140(e). In his motion to reconsider Mr. Stoner argues, *inter alia*, that: (1) the motion to dismiss should have been converted into a motion for summary judgment; (2) the Court overlooked certain materials that would have substantiated his claims to a waiver of exhaustion; and (3) the Court failed to consider relevant case law which

1

would justify a waiver of the exhaustion requirement.  For the following reasons, Mr. Stoner's motion to reconsider is denied.

**II.     Background**

The YCA is a nonprofit organization, headquartered in New York City, which receives federal funds to promote the careers of classically trained musicians.  YCA maintains a policy that limits participation in the YCA International Auditions to individuals under the age of 26.  (See Aff. of Susan Wadsworth dated 10/27/10 ("Def. Aff.") Ex. A.)  The YCA International Auditions is an annual event where young musicians audition to become members of the YCA roster.  (See id.)  Mr. Stoner sought to audition, and on May 5, 2010 wrote to YCA requesting that they change their age requirements so he could participate.  (Compl. ¶ 8, Ex. A.)  Mr. Stoner contends that he received no response from YCA.  (Id. ¶ 10.)  On or about May 20, 2010, Mr. Stoner wrote another letter to YCA asserting that, pursuant to the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101-6107 ("ADA"), it is illegal for organizations receiving federal funding to engage in age discrimination, and requesting that YCA dispense with their age requirement.  (See id. Ex. B.)  He further contended that if YCA failed to respond by June 1, 2010, he would file a complaint with the Civil Rights Office ("CRO") at the National Endowment of the Arts ("NEA").  (See id.)  After receiving no response to this second letter, Mr. Stoner filed a complaint with the NEA CRO on June 1, 2010.  (See id. Ex. C.)  Mr. Stoner asserts that Denise Pearson, the Equal Employment Opportunity Specialist of the CRO, "told [him] that her office is 'understaffed' and unable to process [his] complaint in a timely manner."  (Id. ¶ 5.)  In August 2010, YCA contacted Mr. Stoner and informed him that he would be permitted to audition.  (Id. ¶ 11.)

On September 29, 2010, Mr. Stoner auditioned as a violinist in the preliminary round of the 2010 YCA International Auditions. (Id. ¶ 12.) On October 5, 2010, Mr. Stoner received a letter from Susan Wadsworth, the Founder and Director of YCA, informing him that he had failed to advance to the semi-final round of the auditions. (Id. ¶ 13.) On or about October 6, 2010, Plaintiff sent an email to Ms. Wadsworth, requesting that YCA reconsider its decision. (Id. ¶ 14.) On October 18, 2010 Ms. Wadsworth responded, stating that YCA had made its final decision and that Mr. Stoner would not advance to the semi-final round. (Id. ¶ 15.)

On October 21, 2010, Mr. Stoner filed the Complaint in this district, alleging that YCA discriminated against him on the basis of age. (Id. ¶ 2.) Specifically, the Complaint stated that "YCA maintains policies that contain age restrictions and generally limit participation in its programs to musicians under the age of approximately 30 years old," and that that this qualifies as discrimination under the ADA, the Civil Rights Act of 2004, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 et seq. ("NYCHRL"). (Id. ¶ 1.)

Based on his failure to advance and failure to win first prize in the International Auditions, Mr. Stoner claimed that he suffered "irreparable injury, monetary damage, and loss of equal opportunity as a result of defendant's discriminatory practices." (Id. ¶ 17.) Audition winners were provided with "management services . . . publicity, promotional materials and career guidance for three years at no cost to the artists," in addition to the opportunity to perform in YCA concerts in New York, Washington D.C., and Boston. (Pl. Aff. dated 12/6/10 ("Pl. Aff.") Ex. 12.) Mr. Stoner asserted that these have a value of approximately $75,000. (See Pl. Mot. Recons. at 4.)

On October 22, 2010, Mr. Stoner filed, and the Court signed, an order to show cause for a preliminary injunction and temporary restraining order ("TRO"), requesting that the Court prohibit YCA from holding the final round of the International Auditions (scheduled for November 6, 2010) until the conclusion of all legal proceedings associated with the case. (See Pl. Mot. Prelim. Inj. at 1.) On October 28, 2010 the Court orally denied Mr. Stoner's motion in view of the immediacy of the date of the final round of auditions, holding that the balance of hardships favored the Defendant and the contestants. (Transcript of 10/28/11 Oral Argument ("Tr.") at 26.)

On November 12, 2010, YCA filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asserting that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff failed to give requisite notice to the A.G., DHHS and YCA pursuant to 42 U.S.C. § 6140(e)(1); (3) Plaintiff failed to state a claim under the NYSHRL; and (4) age is not a protected class under the NYCHRL. After receiving YCA's memorandum in support of their motion to dismiss, Mr. Stoner sent a letter dated December 16, 2010, by certified mail, to Kathleen Sebelius, Secretary of the DHHS; Eric Holder, A.G.; and Susan Wadsworth, Director of YCA, informing them of his intent to enjoin YCA's allegedly discriminatory practices and collect damages in federal court.

On March 7, 2011, the Court issued the Order granting YCA's motion to dismiss Mr. Stoner's claims without prejudice. Mr. Stoner now moves for reconsideration of that Order.

### III.   Legal Standard

The standard for reconsideration under Local Civil Rule 6.3 is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d

Cir. 1995). "Thus, a Motion to reconsider should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided." New York v. Parenteau, 382 F. App'x 49, 50 (2d Cir. 2010). Furthermore, reconsideration is not an invitation for parties "to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." de los Santos v. Fingerson, No. 97 Civ. 3972, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1990). Thus, reconsideration under Local Rule 6.3 is available only so a court may correct for clear error, prevent manifest injustice, or review in light of newly available law or evidence. See Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).

**IV.    Discussion**

    **A.    Mr. Stoner's Argument That the Court Should Have Converted the Motion to Dismiss Into a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(d) is Unavailing**

Rule 12(d) states that:

> If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added). Here, Mr. Stoner argues that the Court considered matters outside of the pleading in dismissing his Complaint, and as a result, YCA's motion to dismiss should have been converted into a motion for summary judgment. (Pl. Mot. Recons. at 2-3.) However, the question is not whether Mr. Stoner or YCA presented additional documents to the Court, but whether the Court relied on these documents in coming to its conclusion. See Amaker v. Weiner, 179 F. 3d 48, 51 (2d Cir. 1999) ("reversal for lack of conversion is not required unless there is reason to believe that the extrinsic evidence actually affected the district court's decision and thus was not at least implicitly excluded"); Friedl v. City of New York, 210

F.3d 79, 83-84 (2d Cir. 2000) (vacatur required where circuit court was able to identify specific facts relied upon by the district in its decision that were not contained in the complaint).

A party is free to submit additional facts beyond the pleadings to the court, but the court may, in its discretion, choose to exclude those facts and decide the motion to dismiss on the pleadings alone. See Fonte v. Bd. of Managers of Cont'l Towers Condo, 848 F.2d 24, 25 ("Rule 12[d] gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.") Even if a court makes reference to a matter submitted outside of the pleadings, so long as the matter is "not a ground for the decision issued, [it] does not run afoul of the rule that a district court must confine itself to the four corners of the complaint when deciding a motion to dismiss under Rule 12(b)(6)." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

Mr. Stoner incorrectly assumes that the mere *presentation* of additional facts requires the Court to convert the motion to dismiss into a motion for summary judgment.[1] (See Pl. Mot. Recons. at 2-3). In the instant case, the only fact contained in the Order which was not contained in the Complaint is that Mr. Stoner sent a letter dated December 16, 2010 (the "Letter") to the A.G., DHHS, and YCA in an attempt to remedy the notice requirement of 42 U.S.C. § 6104(e)(1). (See Order Granting Mot. to Dismiss Mar. 7, 2011 ("Order") at 6.) However, the

---

[1] The cases relied upon by Mr. Stoner in his Motion to Reconsider are distinguishable from the instant case. In Greer v. Smith, 59 Fed. App'x. 491, 492 (3d Cir. 2003) the district court's decision granting the defendant's motion to dismiss specifically relied upon an affidavit submitted by the defense containing facts not included in the pleadings. In contrast, Mr. Stoner does not point to any specific facts relied upon in the Court's Order in this case that were outside the four corners of the Complaint. Furthermore, in McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) the court held that "if nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted." The procedural infirmities plaguing Mr. Stoner's action are apparent from the facts set forth in the Complaint itself, and thus the Court had no reason to pursue further fact-finding.

Court in no way relied on this fact in issuing its decision.  The motion to dismiss would have been granted regardless of whether or not Mr. Stoner sent this letter, because Mr. Stoner failed to give notice thirty days prior to filing as required by 42 U.S.C § 6104(e)(1).  As such the Court "implicitly excluded" the additional facts submitted by Mr. Stoner, and its decision not to convert the motion into one for summary judgment pursuant to Rule 12(d) was proper.  See Amaker, 179 F. 3d at 51; Kramer, 937 F.2d at 773.

> **B.    Mr. Stoner is Attempting to Relitigate the Court's Decision Regarding Notice and Exhaustion**

The majority of the arguments contained in Mr. Stoner's motion for reconsideration were previously litigated and decided in the Court's Order of March 7, 2011.  Therein, the Court unequivocally refused to waive the exhaustion requirement of the ADA for Mr. Stoner's benefit.  (Order at 4-6.)  Furthermore, the Court stated in no uncertain terms that Mr. Stoner did not comply with the notice requirement of 42 U.S.C. § 6104(e)(1).  (Id. at 6.)

Specifically, Mr. Stoner argues that the Court should have focused its attention on a document he received from DHHS dated January 24, 2011, and contends that if the Court "[h]ad [] included those documents and considered Plaintiff's case law relating to them, then Judge Patterson would reach[] a different conclusion about the disposition of defendant's motion."  (Pl. Mot. Recons. 4-5.)  However, it would have been wholly improper for the Court to consider this document in making its decision.  The document in question is a letter Mr. Stoner received in response to the Letter he sent to DDHS in December 2010, two months after the filing of his Complaint in district court.  As discussed above, the Letter sent by Mr. Stoner was insufficient to satisfy the notice requirements contained in 42 U.S.C. § 6104(e)(1), and therefore any response to the Letter is irrelevant to the Court's decision.  Whatever the contents of the letter Mr. Stoner

received, it does not change the fact that Mr. Stoner failed to provide notice to the A.G., DHHS, and YCA before filing the Complaint.

### C. Mr. Stoner's Further Contentions Are Without Merit

Mr. Stoner's argument that he was denied meaningful access to the courts is without merit. Under Fed. R. Civ. P 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment," and not 10 days from the entry of judgment as Mr. Stoner contends. (See Pl. Mot. Recons. at 8.) Given that the Court's judgment was entered on March 10, 2011, Mr. Stoner had until April 7, 2011 to file a motion under Fed. R. Civ. P. 59(e). Thus, his right to file was not removed. Furthermore, on March 31, 2011, the Court granted Mr. Stoner's request for a ten-day extension to file his motion for reconsideration. (See Endorsed Letter dated 3/31/11, ECF No. 20.) Far from being denied access, this Court ensured that Mr. Stoner was given an opportunity to submit papers on his behalf.

Mr. Stoner's assertion that YCA "never raised the question of the exhaustion requirement[] at plaintiff's TRO hearing" is counterfactual. Counsel for YCA raised this very issue during the argument. (See Tr. at 14 ("Mr. Stoner has failed to exhaust his administrative remedies").) Finally, Mr. Stoner misunderstands the Court's statements at the TRO hearing in relation to the Order dismissing the action for lack of subject matter jurisdiction. At the time of the TRO hearing, the Court noted that Mr. Stoner's case would move forward "subject to whatever motions [YCA] make[s] . . . ." (Id. at 11.) This is precisely what happened. YCA submitted a motion to dismiss and the Court, after evaluating each side's argument, issued an Order determining that it lacked subject matter jurisdiction over the action because Mr. Stoner had failed to meet the exhaustion and notice requirements of his claim. It did not make this

finding until March 7, 2011, more than five months after the TRO hearing.  Mr. Stoner's case continued up until this point.

**V.      Conclusion**

Accordingly, Mr. Stoner's motion for reconsideration is denied.  It was evident from the face of Mr. Stoner's Complaint that he had failed to exhaust his administrative remedies, and failed to comply with the notice requirements of 42 U.S.C. § 6104(e)(1).  No case law or additional facts have been presented to excuse non-compliance with the statutory requirements.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 333-35 (1962).

SO ORDERED.

Dated:  New York, New York

October 7, 2011

*/s/ Robert P. Patterson*
Robert P. Patterson, Jr.
U.S.D.J.

9

**Copies of this order were sent to:**

Martin Stoner
Plaintiff, *Pro Se*
900 West End Avenue
Apartment #7F
New York, NY 10025
(by mail)

James Richard Hays
Counsel for Defendant Young Concert Artists, Inc.
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.(NYC)
Chrysler Center
666 Third Avenue
New York, NY 10017
(212) 692-6276
Fax: (212)-983-3115